IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JASON NELSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:24-CV-332 |
| | § | |
| RAY'S MARINE SERVICES, | § | |
| INCORPORATED, | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINNT

Plaintiff Jason Nelson ("Plaintiff") files this Original Complaint against Defendant Ray's Marine Services, Incorporated ("Defendants") and shows as follows:

## PARTIES

1. Jason Nelson ("Plaintiff") is a resident of the state of Texas.

2. Ray's Marine Services, Incorporated ("Defendant") is a Georgia corporation with its principal place of business at 460 Windy Hill Road, Jefferson, Georgia 30549 and may be served through its registered agent Allison Patrick at 1199 Washington Street, Jefferson, Georgia 30549.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this civil action because it arises under 49 U.S.C. § 14706.

4. This Court also has jurisdiction over this civil action under 28 U.S.C. §1332(a)(1) because Plaintiff and Defendant are residents of different states and the amount in controversy exceeds $75,000.00, excluding interest and costs.

1

5. Venue is proper in the Western District of Texas, Austin Division under 49 U.S.C. § 14706(d) and 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in Travis County, Texas and property that is the subject of this action is located in Travis County, Texas.

6. The Court has both general and specific jurisdiction over Defendant because it contracted with a Texas resident and engaged in continuous and systematic activities in Texas. Defendant's contacts with Texas are substantially connected to the operative facts of this case. Defendant has had sufficient minimum contacts with Texas such that the Court's exercise of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice. The Court's exercise of jurisdiction over Defendant is also consistent with the requirements of due process.

7. Defendant purposefully availed itself of the privileges of doing business in Texas by, among other things, breaching an agreement that was partially performable in Texas, committing acts outside of Texas that had reasonably foreseeable consequences in Texas, engaging in business in Texas, contracting with and entering an agreement with a Texas resident, and engaging in conduct that indicates an intent to serve the Texas market, including the delivery of property through and to a destination in Texas.

## BACKGROUND FACTS

8. On March 18, 2022, Plaintiff purchased a 2012 47' Meridian Yachts 441 Flybridge Motor Yacht (the "Vessel") for $520,793.00. Before Plaintiff purchased the Vessel, he retained SafeNav Marine Surveyors to determine the condition and value of the Vessel.

9. SafeNav inspected the Vessel and issued a report concluding that the Vessel's overall rating was "Above Average" and that its estimated market value was $517,250.00. SafeNav's report did not note or attach pictures of any water damage inside the Vessel.

10. In late March 2022, Plaintiff hired Defendant to transport the Vessel from Lake Lanier, Georgia to Lake Travis, Texas. Because Defendant's insurance policy only provided $250,000 in coverage and Plaintiff had paid over $550,000 for the Vessel, Plaintiff paid an additional $1,500.00 for another $330,000 in excess insurance, which resulted in Plaintiff being identified as a Certificate Holder on Defendant's Certificate of Liability Insurance.

11. The transport from Georgia to Texas that began on or around April 18 was only supposed to last a week but ended up lasting over a month because Defendant's truck broke down.

12. Defendant stored the Vessel outside for over a month while its truck was being repaired. Despite having removed the Vessel's overhead hardtop covering the flybridge for the transport, Defendant failed to either store the Vessel under or otherwise properly protect it from the weather, which resulted in rainwater penetrating inside the Vessel and its hull.

13. When the Vessel was finally delivered to Texas in late May 2022, Plaintiff immediately noticed significant water damage and moisture issues that were not present when Defendant picked up the Vessel in Georgia or noted in SafeNav's report. Plaintiff immediately confronted Defendant, who was still onsite, about the water damage. Defendant denied any responsibility.

14. In the months after the delivery, Defendant continued to refuse Plaintiff's demands that Defendant repair the Vessel.

15. In October 2023, Plaintiff received an estimate of $295,048.06 to repair the Vessel and sent it to Defendant's insurer.

16. Defendant's insurer inspected the Vessel but in January 2024 denied coverage for any of the water damage that occurred during the transport.

## CAUSES OF ACTION

### Liability under the Carmack Amendment

17. Plaintiff incorporates the preceding factual statements and allegations by reference as though fully set forth herein

18. Plaintiff delivered the Vessel to Defendant in Georgia in good condition. Plaintiff received the Vessel in Texas with significant water damage sustained during transport from Georgia. The estimated cost to repair the water damage to the Vessel is $295,048.06.

19. Under 49 U.S.C. § 14706, Defendant is a carrier or motor carrier and is liable to Plaintiff for the actual loss or injury to the Vessel caused by Defendant during Defendant's interstate transportation of the Vessel from Georgia to Texas, for which Plaintiff brings this suit.

### Negligence

20. Plaintiff incorporates the preceding factual statements and allegations by reference as though fully set forth herein.

21. Defendant owed Plaintiff a duty to exercise the degree of care, skill, and competence that reasonable, competent members of its professions would exercise under similar circumstances while in possession of Plaintiff's Vessel but failed to exercise ordinary care, failed to properly cover or protect the Vessel, and failed to properly store the Vessel in an area where it would not be subject to damage from the elements.

22. Defendant's negligence and breach of the duties that it owed to Plaintiff were the proximate cause of Plaintiff's damages, for which Plaintiff now brings this suit.

## Breach of Contract

23. Plaintiff incorporates the preceding factual statements and allegations by reference as though fully set forth herein.

24. Plaintiff hired Defendant and Defendant agreed to deliver the Vessel from Lake Lanier, Georgia to Lake Travis, Texas undamaged and in the same condition that it was in when it left Georgia. Defendant breached the agreement delivering the Vessel with significant water damage.

25. Plaintiff brings this suit to recover the damages caused by Defendant's breach of the agreement.

## CONDITIONS PRECEDENT

26. All conditions precedent to the relief requested in this suit have occurred or have been performed.

## JURY DEMAND

27. Plaintiff demands a jury trial and has tendered the appropriate fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Jason Nelson prays that Defendant Ray's Marine Services, Incorporated be cited to appear and answer, that this cause be set for trial, and that after a trial the Court award Plaintiff judgment against Defendant for the following:

1. All actual damages supported by the evidence, including any consequential and/or special damages;
2. Pre-judgment interest on all sums awarded at the maximum rates allowed by law;
3. Post-judgment interest on all sums awarded at the maximum rates allowed by law;
4. His costs of suit; and
5. Such other and further relief, both in law and in equity, to which he may be justly entitled.

DATED: March 28, 2024                    Respectfully submitted,

*/s/ Brian T. Smith*
DUNN | SMITH  LLP
Brian T. Smith
State Bar No. 24002959
811 Barton Springs Road, Suite 725
Austin, Texas 78704
(512) 381-1999 Telephone
(512) 697-0071 Facsimile
bsmith@dunnsmith.com

**ATTORNEYS FOR PLAINTIFF
JASON NELSON**